IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **BOBBY REED and MELISSA REED,** | : | |
| | : | |
| Plaintiffs, | : | |
| vs. | : | 3:03-CV-111 (CAR) |
| | : | |
| **CITY OF LAVONIA; EDWIN A.** | : | |
| **MAISONET, JR., Individually and a** | : | |
| **Police Officer of the City of Lavonia; and** | : | |
| **BRUCE CARLISLE, Individually and** | : | |
| **a Police Officer of the City of Lavonia.** | : | |
| | : | |
| Defendants. | : | |

_____

## *ORDER CLARIFYING CLAIMS FOR TRIAL*

The present case was pre-tried before this Court on July 7, 2005. During the pretrial hearing, a question was raised as to whether Plaintiffs' failure to intervene and pendent state law claims against Defendant Carlisle survived summary judgment. The Court took the matter under advisement, and upon reviewing its May 19, 2005 Order on Summary Judgment [Doc.88], the Court will now clarify that Plaintiffs' state law battery, intentional infliction of emotional distress, and loss of consortium claims against Defendant Carlisle do remain for trial. In their original Complaint [Tab 1], Plaintiffs included state-law claims of battery, intentional infliction of emotional distress, assault, and loss of consortium against Defendants Masionet and Carlisle. Plaintiffs also stated a claim for punitive damages based on these state-law causes of action. On summary judgment, Defendant Carlisle asserted the defense of official immunity with respect to these claims, and the Court only specifically found that Carlisle was entitled to official immunity with respect to Melissa Reed's claim for assault. All

other state-law claims against Defendant Carlisle thus remain for trial.

Any "failure to intervene" claim against Defendant Carlisle, however, was not timely raised.  Plaintiffs' Complaint does not give notice of any stand-alone "failure to intervene" claim in this case.  Plaintiffs in fact first raised this claim in response to Defendant Carlisle's motion for summary judgment, and as such, it was not considered on summary judgment.  See Gilmour v. Gates, McDonald and Co., 382 F.3d 1312 (11th Cir. 2004) (holding that non-moving party may not raise a new legal claim for first time in response to opposing party's summary judgment motion).  For that reason, Plaintiff may not assert a "failure to intervene" claim at trial.  The Court nonetheless finds that Plaintiff will not be materially prejudiced by the exclusion of any stand-alone "failure to intervene" claim.  Plaintiffs' apparent theory of the case is not exactly that Defendant Carlisle failed to intervene but that Defendant Carlisle actually assisted in the use of excessive force by Defendant Masionet to the extent that Carlisle intentionally restrained Bobby Reed while Masionet delivered the multiple blows with the ASP baton.  As such, Carlisle's participation in the arrest is more part and parcel of Plaintiffs' overall excessive force claim against Defendant Carlisle than a claim based on any separate failure to intervene and stop the use of force.  Plaintiffs will be permitted to make this argument before the jury.

The parties are hereby **DIRECTED** to amend the Proposed Pretrial Order accordingly.

**SO ORDERED** this 11th day of July, 2005.

                                            s/ C. Ashley Royal
                                            **C. ASHLEY ROYAL**
                                            **United States District Judge**

JLR/cw