IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| **BOBBY REED and MELISSA REED,** | : | |
| | : | |
| Plaintiffs, | : | 3:03-CV-111 (CAR) |
| vs. | : | |
| | : | |
| **CITY OF LAVONIA, et. al.** | : | |
| | : | |
| Defendants. | : | |

## *ORDER ON MOTIONS IN LIMINE*

Pending before the Court are three motions in limine: Plaintiffs' Motion to Exclude Introduction of Prior Nolo Contendere Plea [Doc. 100]; Plaintiffs' Motion to Exclude Prior Acts and Conduct of Plaintiff Bobby Reed [Doc. 102]; and Plaintiffs' Motion to Exclude Non-Relevant Evidence [Doc. 107]. At the pre-trial conference on July 7, 2005, the Court ruled on several other motions in limine. Plaintiffs' Motion to Exclude Prior Arrest of Melissa Reed [Doc. 101], Plaintiffs' Motion to Exclude Tom Bardugon [Doc. 103], Defendant Maisonet's Motion in Limine [Doc. 104], Defendant Carlisle's Motion in Limine [Doc. 105], and Defendants' Joint Motion in Limine [Doc. 106] were **GRANTED**. The Court's rulings on the remaining motions in limine are set forth in sequence below.

    1.    **Motion to Exclude Prior Acts and Conduct of Plaintiff Bobby Reed [Doc. 102]**

Plaintiffs have moved the Court to exclude evidence of prior criminal acts of Plaintiff Bobby Reed. At the pre-trial conference, Defendants expressed their intent to introduce evidence of Mr. Reed's convictions in 1983 for Habitual Violator, in 1987 for misdemeanor Obstruction of Law

Enforcement Officer, in 1988 for a felony drug charge, and in 1998 for misdemeanor Obstruction of Law Enforcement Officer. At his deposition, Mr. Reed denied any prior convictions.

This evidence is inadmissible under the Federal Rules of Evidence. Rule 404 of the Federal Rules of Evidence generally prohibits the introduction of evidence of a person's character or trait of character for the purpose of proving action in conformity therewith, with certain exceptions. The prior bad acts that Defendants seek to introduce do not meet any of those exceptions. They are not admissible as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, as permitted by Rule 404(b), nor are they admissible as impeachment evidence under Rules 607, 608, or 609. The overriding effect of this evidence would be to establish Mr. Reed's character as a person who has a tendency for conflict with police officers, an effect that is discouraged by the Federal Rules of Evidence.

The "other purposes" permitted under Rule 404(b) often relate to questions of a person's state of mind. Thus, evidence of a criminal defendant's past drug dealing activity may be admitted as proof that he possessed drugs with the intent to sell them. See United States v. Lewis, 129 Fed. Appx. 573 (11th Cir. 2005). Such evidence has been admitted to rebut a defendant's claim that he acted under duress. See United States v. Chong, 829 F.2d 1572 (11th Cir. 1987). Such evidence has also been admitted to prove identity, by showing some *modus operandi* peculiar to a certain person that marks activity as his handiwork. See United States v. Miller, 959 F.2d 1535 (11th Cir. 1992). Evidence of prior similar acts may also show motive, as when evidence of debts incurred in a drug transaction is offered as motive for a robbery. See United States v. Beechum, 582 F.2d 898, 912 n. 15 (5th Cir. 1978).

The evidence offered by Defendants serves no such purposes. There is no question of

identity, and Mr. Reed's state of mind is not an issue. The focus of this case instead is on the state of mind of Officers Carlisle and Maisonet, on their perceptions at the time they arrived on the scene and on whether the force that they used was reasonable given the circumstances. The jury will have to consider such matters as the severity of the crime, the threat or reasonably perceived threat that Mr. Reed posed to the officers or others, and the degree to which Mr. Reed was actively resisting or attempting to evade arrest. There is no evidence that the officers on the scene had any knowledge of his record at the time of the arrest, which knowledge might have contributed to their perception of the level of danger. The only purpose served by such evidence, therefore, would be to show that Mr. Reed was the sort of man who frequently struggled with police officers, and to suggest that he acted in conformity with that character on the date in question in this case. Such evidence is highly prejudicial, lacks probative value, and is prohibited by Rule 404(a).

Defendants contend that Mr. Reed's record is admissible as impeachment evidence. Rule 609 permits the impeachment of a witness by evidence of a conviction of a crime in certain circumstances. The alleged crime must be either a felony or a crime that involved dishonesty or false statement. FRE 609(a). It cannot be more than ten years old. FRE 609(b). The only conviction less than ten years old is Mr. Reed's 1998 conviction for misdemeanor Obstruction of a Law Enforcement Officer, not a crime involving dishonesty or false statement. It is not, therefore, permissible impeachment evidence.

Defendants propose to offer Mr. Reed's record as a prior inconsistent statement to impeach his deposition testimony denying his record. Such impeachment is not permissible under the Rules because the underlying question that Defendants asked during Mr. Reed's deposition is irrelevant and inadmissible. Defendants may not at trial ask Mr. Reed whether he has a criminal record, for

the reasons the Court has set forth above. To introduce Mr. Reed's false answer to an irrelevant question at his deposition would be to introduce extrinsic evidence of a specific instance of conduct for the purpose of attacking his character for truthfulness. The Federal Rules of Evidence explicitly prohibit such evidence. FRE 608(b). Unless Mr. Reed gives testimony during his direct examination with regard to his criminal record or his character for truthfulness, evidence of his record will be inadmissible. Plaintiff's Motion to Exclude Prior Acts and Conduct is therefore **GRANTED**.

    **2.    Motion to Exclude Nolo Contendere Plea [Doc. 100]**

Plaintiff Bobby Reed has moved the Court to exclude his plea of Nolo Contendere to the charge of felony Obstruction of Law Enforcement in connection with his interaction with Deputy Brandon Coleman during the traffic stop that gives rise to this case. Plaintiff's motion introduces an interesting conflict between Rules 410 and 609 of the Federal Rules of Evidence. Rule 410(b) prohibits the admission of evidence of a plea of nolo contendere against the defendant who made the plea. Rule 609(a) permits the admission for impeachment purposes of evidence that a witness has been convicted of a felony. The Court of Appeals for the Eleventh Circuit has held that a conviction obtained by a nolo plea is admissible for impeachment under Rule 609(a) despite the restrictions of Rule 410(b). United States v. Williams, 642 F.2d 136 (5th Cir., Unit B, April 30, 1981).[1]

The facts of this case are distinguishable from the facts in Williams. In Williams, the defendant was on trial for theft. The trial court ruled that it would admit a prior conviction for bribery, obtained by a nolo plea, as impeachment evidence should the defendant testify. The Court of Appeals noted that the original draft of Rule 609 specifically excepted convictions on pleas of

---

[1] Bonner v. City of Pritchard

nolo contendere from use as impeachment evidence, but that the Rule as adopted first by the Supreme Court and later by Congress eliminated that exception. The Court reasoned that a nolo plea results in a finding of guilt by the court, even if it is not admissible as an admission of guilt by the defendant. In the interest of encouraging the disposition of criminal cases by compromise, the nolo plea stands as an admission of guilt for purposes of the case in which it is offered, but for all other purposes preserves the defendant's denial. Id. at 139. A conviction under a plea of nolo contendere remains a conviction, however, and evidence of such a conviction may be used for the impeachment purposes outlined in Rule 609(a).

In this case, because the conviction is closely connected to the facts of this case, evidence of the conviction would be excessively prejudicial to the Plaintiffs and intrude upon the fact-finding role of the jury. The prior conviction in Williams was for a separate offense that occurred some years prior to the offense for which the defendant was on trial. In contrast, Mr. Reed's conviction for obstruction, which Defendants seek to introduce ostensibly as impeachment evidence, goes to one of the central issues in this case – whether Mr. Reed was resisting arrest and offering violence to the arresting officers. Admission of Mr. Reed's conviction by nolo plea could lead the jury to believe that Mr. Reed has admitted that he offered violence to Deputy Coleman, which will in turn support a conclusion that some degree of force was necessary to effect his arrest. The limited impeachment value of the evidence would be outweighed by its effect as an admission of culpability by Mr. Reed. This effect would deprive Mr. Reed of the value of his nolo plea and might discourage the jury from making its own findings of fact regarding a contested issue. Accordingly, the evidence should be excluded under Rule 403, as its prejudicial effect outweighs its probative value. The Motion to Exclude Introduction of Plaintiff's Prior Nolo Contendere Plea is hereby **GRANTED**.

### 3.      Plaintiffs' Motion to Exclude Non-relevant Evidence [Doc. 107]

Finally, Plaintiffs motion to exclude as "non-relevant" any evidence concerning the confrontation between Mr. Reed and Deputy Coleman prior to the arrival of Defendants Maisonet and Carlisle is **DENIED**. Within certain limits, some evidence related to the situation prior to the arrival of Officers Maisonet and Carlisle will be relevant to the issues in the case. At trial, the jury will have to determine whether the force used by Officers Maisonet and Carlisle was reasonable based on the information that was available to them at the time.[2] This does not mean, however, that anything that took place prior to their arrival is irrelevant. Evidence concerning the prior encounter may have relevance to this case for a number of reasons. First, the evidence is relevant to Defendants' contention that they were able to listen over the radio to communications between Deputy Coleman and the dispatcher, and that they heard Deputy Coleman gasping for air and sounding as if he were in distress. Both parties indicated at the pre-trial conference that the dispatch tapes would be submitted as evidence. Second, the evidence is relevant to a dispute over whether Deputy Coleman transmitted a 10-18 "urgent need for assistance" code after transmitting the initial 10-78 "officer needs assistance" code. At summary judgment there was a dispute as to whether Deputy Coleman or another officer made the subsequent 10-18 call. Third, the evidence is relevant to Defendants' allegation that Deputy Coleman appeared nervous or frightened when they arrived on the scene. Evidence regarding the events prior to the arrival of Officers Maisonet and Carlisle will allow the jury to evaluate the credibility of Defendants' testimony and have a more complete picture of the situation as it was known to them. Finally, the evidence will allow the jury to have

---

[2]Plaintiffs have dismissed their claims against Deputy Coleman pursuant to a settlement agreement.

context as to the purpose of the initial stop and the reasons why Officers Maisonet and Carlisle were dispatched to the scene, and will thus prevent jury speculation as to the events prior to their arrival.

The scope of Deputy Coleman's testimony will necessarily be limited to matters relevant to the question of whether the actions of Officers Maisonet and Carlisle were objectively reasonable in light of the facts and circumstances confronting *them* at the time they arrived on the scene.  Cf. Harris v. Coweta County, Ga., 406 F.3d 1307, 1314 n. 6 (11th Cir. 2005).  Deputy Coleman will be allowed to testify as to the events that took place prior to the arrival of Officers Maisonet and Carlisle, including the purpose for the stop, his interaction with Mr. Reed, and his communications with dispatch.  He may not, however, testify as to his subjective perceptions, such as his level of fear or concern for his own safety.  Prior to the testimony of Deputy Coleman and again in the final instructions to the jury, the Court will give a limiting instruction, instructing the jury to consider any testimony regarding the interaction between Mr. Reed and Deputy Coleman prior to the arrival of Officers Maisonet and Carlisle only to the extent that it bears upon the facts and circumstances confronting Officers Maisonet and Carlisle at the time they arrived.

Accordingly, the Motion to Exclude Non-Relevant Evidence is **DENIED**.

**SO ORDERED** this 22nd day of July, 2005.

                                                        s/ C. Ashley Royal
                                                        **C. ASHLEY ROYAL**
                                                        **United States District Judge**